IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE F. PLATERO, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-3421-M |
| | § | |
| BANK OF AMERICA, N.A., et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the District Court's *Standing Order of Reference*, filed December 14, 2011, this case has been referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court are *Defendants's Motion to Dismiss*, filed December 14, 2011 (doc. 4), and *Defendants' Motion to Dismiss for Failure to Prosecute*, filed April 20, 2012 (doc. 8). Based on the relevant filings and applicable law, the motion to dismiss should be **GRANTED,** in part, and converted, in part, into a motion for summary judgment and **GRANTED**. The motion to dismiss for failure to prosecute should be **DENIED as moot**. In addition, Plaintiff's claims under the Uniform Mandates Reform Act should be dismissed *sua sponte*.

**I. BACKGROUND**

On November 14, 2011, Plaintiff Jose F. Platero filed an action against Bank of America, NA (Bank of America), and the National Mortgage Association (Fannie Mae) (collectively Defendants) in state court in connection with the foreclosure of his residence. (*See* doc. 1-1.) He alleged that Bank of America, the mortgagee on his mortgage loan, prematurely and improperly foreclosed on his residence without acknowledging receipt of his qualified written request seeking an honest and complete loss mitigation review of his mortgage loan, without negotiating in good

faith to allow him time to cure any deficiency through loan modifications or loss mitigation, and without giving him an opportunity to cure any defaults on the loan. (*Id.* at 8-9.) He also alleged that Fannie Mae purchased the property at the foreclosure sale and obtained a writ of possession to evict him from the property. (*Id.* at 9.) He claimed violations of Chapter 52 of the Texas Property Code, the Real Estate Settlement Procedures Act (RESPA), the National Housing Act (NHA), the Texas Debt Collection Act (TDCA), and the Unfunded Mandate Reforms Act (UMRA). (*Id.* at 8-9.) He also sought a judgment setting aside the foreclosure as illegal, restoring record title to him, and declaring his right to possession of the property, as well as injunctive relief restraining Defendants from evicting him from his residence. (*Id.* at 10-13.)

On December 9, 2011, Defendants removed the case on the basis of federal question and diversity jurisdiction. (*See* doc. 1.) A few days later, they moved to dismiss Plaintiff's claims under the Texas Property Code, the TDCA, the RESPA, and the NHA, as well as his claim for equitable and injunctive relief, under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (doc. 4.) Plaintiff failed to respond, even after Defendants filed a notice of no response. (doc. 7.) On April 20, 2012, Defendants moved to dismiss Plaintiff's complaint under Fed. R. Civ. P. 41(b) for failure to prosecute. (doc. 8.) Both motions are now ripe for recommendation.

## II.  RULE 12(B)(6) MOTION

Defendants move to dismiss Plaintiff's claims under the Texas Property Code, the TDCA, the RESPA, and the NHA, as well as his claim for equitable and injunctive relief, under Fed. R. Civ. P. 12(b)(6). (doc. 4 at 2-7.) They do not address Plaintiff's claim under the UMRA. (*See id.*)

### A.  Rule 12(b)(6) Standard

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be

2

granted. Fed. R. Civ. P. 12(b)(6). Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at

570; *accord Iqbal*, 129 S. Ct. at 1950–51.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. Pleadings in the 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins*, 224 F.3d at 499 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). When a party presents "matters outside the pleading" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of the motion to dismiss. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). "If . . . matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56", and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion", however. Fed. R. Civ. P. 12(d).

**B. The TDCA**

Defendants contend that Plaintiff fails to state a claim under the TDCA because he has not alleged a misrepresentation, a fundamental element of a TDCA claim, and because the TDCA does not forbid them from attempting to exercise their contractual rights to a non-judicial foreclosure

4

under the deed of trust. (doc. 4 at 4-5.) Plaintiff's first amended petition makes only a general averment that "Defendants' aforesaid actions" violated the TDCA and does not specify which of the numerous provisions contained in the TDCA Defendants violated. (*See* doc. 1-1 at 9.) Since the first amended petition failed to provide fair notice of the claims being asserted against Defendants, the claim should be dismissed under Rule 12(b)(6) for failure to state a plausible claim for relief.[1]

## C. The RESPA

Defendants move to dismiss Plaintiff's claim for violations of § 2605(e)(1) and (e)(2) of the RESPA and the accompanying regulations, on the grounds that he has not alleged a qualified written request or damages to support his claim. (*See* doc. 4 at 5-6; doc. 1-1 at 8-9.)

The RESPA and its accompanying regulations provide that if a loan servicer receives a qualified written request from the borrower for information relating to the servicing of such loan, the servicer must provide a written response acknowledging the receipt of the correspondence within 20 days unless the action requested is taken within such period. *See* 12 U.S.C. § 2605(e)(1)(A); 24 C.F.R. 3500.21(e). In addition, the RESPA requires the servicer to take corrective action within 60 days of receiving the qualified written request, including crediting any late charges or penalties, or conducting an investigation and providing the borrower with a written explanation of the reasons for the action and the name and telephone number of an employee of the servicer to whom the borrower can direct any further inquiry on the matter. 12 U.S.C. § 2605(e)(2).

The RESPA defines a qualified written request as "a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, . . . that includes, or otherwise enables the servicer to identify, the name and account of the borrower; and [that] . . .

---

[1] Because the complaint lacks specificity with respect to Plaintiff's TDCA claim, there is no need to consider Defendants' specific arguments for dismissal.

includes a statement of the reasons for the borrower's belief, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." *Id.* § 2605(e)(1)(B). The qualified written request must be related to the servicing of the loan. *Id.* § 2605(e)(1) (A). "Servicing" includes "any scheduled periodic payments from a borrower" or the "making of . . . payments of principal and interest. . . ." *Id.* § 2605(i)(3). A plaintiff must allege actual damages resulting from a violation of § 2605. *Id.* § 2605(f)(1)(A); *see also Caballero v. Wells Fargo Bank, N.A.*, 2011 WL 6039953, at *2 (N.D. Tex. July 25, 2011).

Plaintiff alleges that he sent a qualified written request seeking other information relating to the servicing of his loan, including a fair, honest and complete loss mitigation review of his mortgage loan. (doc. 1-1 at 8.) A request for a loss mitigation review does not relate to the servicing of the loan, however. *See Mahmood v. Bank of Am., N.A.*, 2012 WL 527902, at *2-3 (N.D. Tex. Jan 18, 2012) (citing *Reed*, 2011 WL 817357, at *4). Plaintiff does not allege any other facts giving rise to a reasonable inference that he sent a written correspondence constituting a qualified written request. Nor does he allege any facts giving rise to a reasonable inference that he suffered actual damages from the alleged violation of the RESPA. His RESPA claim should therefore be dismissed for failure to state a claim. *See Hill v. Wells Fargo Bank*, NA, 2011 WL 5869730, at *3 (N.D. Tex. Nov. 17, 2011) (dismissing RESPA claim where plaintiffs failed to allege that they sent a communication meeting the requirements of a qualified written request and failed to make any allegation from which the court could conclude that they suffered loss or damages as a result of defendant's failure, if any, to respond to any written requests from plaintiffs).

### D. The NHA

Plaintiff's NHA claim involves alleged violations of its accompanying regulations such as

20 C.F.R. § 203.355, and is based on Bank of America's alleged failure to negotiate in good faith to cure a deficiency or any defaults by, among other options, engaging in loss mitigation or entering into modification agreements.  (*See* doc. 1-1 at 9.)  Defendants argue that Plaintiff cannot establish a plausible right of relief under the NHA because a borrower or mortgagor does not have a private right of action under the NHA or its accompanying regulations.  (doc. 4 at 6-7.)  Several courts have held that the regulations promulgated under the NHA "govern relations between the mortgagee and the government and give the mortgagor no claim for duty owed or for the mortgagee's failure to follow said regulations."  *See Mitchell v. Chase Home Fin. LLC*, 2008 WL 623395, at *3 (N.D. Tex. Mar. 4, 2008); *see also Roberts v. Cameron-Brown Co.*, 556 F.2d 356, 360-61 (5th Cir. 1977); *Moses v. Banco Mortg. Co.*, 778 F.2d 267, 271-72 (5th Cir. 1985); *Leggette v. Washington Mut. Bank*, 2005 WL 2679699, at *5 (N.D. Tex. 2005); *Motten v. Chase Home Fin., LLC*, 2011 WL 2566092, at * 10 (S.D. Tex. Jun 28, 2011).  Since Plaintiff does not have a private right of action under the NHA regulations, his NHA claim should be dismissed for failure to state a claim.

**E.  The UMRA**

Although Defendants do not address Plaintiff's claim under the UMRA, the district court may *sua sponte* dismiss the claim for failure to state a claim, as long as Plaintiff has notice of the court's intention and an opportunity to be heard.  *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006).  Given that Plaintiff has 14 days to object to a recommended dismissal, he has the requisite notice and opportunity.  *See Ratcliff v. Coker*, 2008 WL 4500321, at *3 n.1 (E.D. Tex. Sept. 26, 2008).

In his UMRA claim, Plaintiff again alleges that Defendants were required to provide him an opportunity to cure any default and deficiency through loss mitigation or modification agreements.

7

(doc. 1-1 at 9.) He fails to identify a specific provision in the UMRA containing such a requirement, however. (*See id.*) Moreover, the UMRA does not create a duty on the part of a mortgagee or loan servicer to engage in loss mitigation and enter into a loan modification. *See Mahmood*, 2012 WL 527902, at *3. Plaintiff's claim under the UMRA should be dismissed *sua sponte* for failure to state a claim.

**F.  Equitable Relief**

Defendants move to dismiss Plaintiff's claims for equitable relief on the ground that he has failed to allege tender of the debt owed under the loan instruments. (doc. 4 at 2-3.) As noted, Plaintiff seeks equitable relief setting aside the foreclosure as illegal, restoring record title to him, and declaring his right to possession of the property. (doc. 1-1 at 11, 13.) Texas courts have held that "[t]ender of whatever sum is owed on the mortgage debt is a condition precedent to the mortgagor's recovery of title from a mortgagee who is in possession and claims title under a void foreclosure sale." *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). It is a principle of equity that a person must do equity in order to obtain equitable relief. *See White v. BAC Home Loans Servicing, LP*, 2010 WL 4352711, at *5 (N.D. Tex. Nov. 2, 2010) (citing *Grella v. Berry*, 647 S.W.2d 15, 18 (Tex. App.—Houston [1st Dist.] 1982, no writ)). Since Plaintiff has failed to allege that he did equity by tendering the amount due under the loan instruments, he is barred from obtaining equitable relief in this case, and his claim should be dismissed under Rule 12(b)(6). *See id*.

**G.  Injunctive Relief**

Defendants next contend that where, as here, a plaintiff has not pled any cause of action, a request for injunctive relief is fatally defective and does not state a claim for relief. (doc. 4 at 7.)

8

"To obtain injunctive relief, plaintiff is required to plead and prove, inter alia, 'a substantial likelihood of success on the merits.'" *Jackson v. Fed. Home Loan Mortg. Corp.*, 2011 WL 3874860, at *3 (N.D.Tex. Sept. 1, 2011) (citing *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)). In this case, Plaintiff cannot establish a likelihood of success on the merits because dismissal of his claims is warranted on the merits. His request for injunctive relief is without basis and must be dismissed for failure to state a claim. *See id.*; *Valdez v. Fed. Home Loan Mortg. Corp.*, 2011 WL 7068386, at *3 (N.D. Tex. Nov. 28, 2011).

### H.  Texas Property Code

Defendants contend that Plaintiff's claim under the Texas Property Code fails because he was provided with a notice of default and an opportunity to cure. (doc. 4 at 3-4.) Although Plaintiff does not identify the specific provision of the Texas Property Code allegedly violated, his assertion that he was not given an opportunity to cure defaults on the loan invokes Tex. Prop. Code § 51.002(d). Section 51.002(d) requires a lender to provide notice of default and intent to accelerate, specify the action required to cure the default, and give the debtor an opportunity to cure the default within a minimum of 20 days, before commencing the foreclosure process. *Reed v. Litton Loan Servicing, LP*, 2011 WL 817357, at *4 (E.D. Tex. 2011) (citing Tex. Prop. Code § 51.002(d)).

To show that there was no violation of § 51.002(d), Defendants offer a document addressed to Plaintiff that they contend is the July 2010 notice of default that Bank of America purportedly sent to Plaintiff. (*See* doc. 4-1.) They argue that although not attached to the first amended petition, the notice is part of the pleadings as it is referred to in the complaint and is central to Plaintiff's claims, and that there is no need not convert the motion to dismiss into a summary judgment motion. (*See* doc. 4 at 4 n.9.) However, the complaint refers to the absence of the notice and not the notice itself.

9

The notice is therefore a matter outside the pleadings and cannot be considered without converting the motion into a motion for summary judgment under Fed. R. Civ. P. 56. *See Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 539 (5th Cir. 2003) (holding that district court should have converted a motion to dismiss to a motion for summary judgment before considering the evidence submitted in support of the motion to dismiss); *see also Solomon v Falcone*, 791 F.Supp.2d 184, 190 (D.D.C. 2011) (finding that where complaint referred to absence of document, document was a matter outside of the pleadings that could not be considered under Rule 12(b)(6)). Since consideration of the attached document will likely facilitate the disposition of the case, the Court exercises its complete discretion to accept it. Consequently, Defendants' motion to dismiss Plaintiff's claim under the Texas Property Code is converted into one for summary judgment under Rule 56.[2]

### III. RULE 56 MOTION

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*. The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

---

[2] The parties will be provided with the procedural safeguards for Rule 56 motions. *See* Fed. R. Civ. P. 12(d). Rule 56 provides that a summary judgment motion must be served at least ten days prior to a hearing. The fourteen-day period for objection to this recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) provides the parties the requisite notice that the Court has accepted matters outside the pleadings for consideration and that the motion to dismiss is being considered as a motion for summary judgment. *See Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284 (5th Cir. 1990).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his or her favor. *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to her case and as to which she will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23. "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

Here, Defendants may meet their initial summary judgment burden as to Plaintiff's claim under the Texas Property Code through the document they present as the 2010 notice of default and opportunity to cure. Although the document is in Spanish, and no English translation has been provided for the record, the document shows the amount of deficiency as $2,380.70, the date of notice as July 29, 2010, and the due date to cure the default as August 18, 2010. (*See* doc. 4-1) Defendants have met their burden to show that there is no genuine material fact that Plaintiff

11

received a notice of default and opportunity to cure. Because Plaintiff has not responded to the motion, he has not meet his burden to create a genuine material fact issue that he did not receive the notice. Summary judgment is therefore appropriate on Plaintiff's claim under the Texas Property Code, and the claim should be dismissed with prejudice.

## IV. RULE 41(b) MOTION

Defendants move to dismiss Plaintiff pursuant to Rule 41(b) which provides, in relevant part, that "[i]f the plaintiff fails to prosecute . . . a defendant may move to dismiss the action or any claim against it." (doc. 8 at 1.) Defendants argue that Plaintiff has maintained this lawsuit only for purposes of delaying his eviction from the property at issue, as evinced by his failure to respond to the motion to dismiss and his failure to prosecute this case. (*Id.*) They point out that Plaintiff has been living rent free in the property at issue since filing this lawsuit. (*Id.*) Since all of the claims against Defendants are subject to dismissal with prejudice under Rule 12(b)(6) or Rule 56, their Rule 41(b) motion to dismiss for failure to prosecute should be denied as moot.

## V. RECOMMENDATION

Defendants' motion to dismiss under Rule 12(b)(6) should be should be **GRANTED,** in part, and converted, in part, into a motion for summary judgment and **GRANTED**. Plaintiff's claims for violations of the Texas Property Code, the RESPA, the NHA, and the TDCA, as well as his claims for equitable and injunctive relief should be dismissed with prejudice. Plaintiff's claim under the UMRA should be *sua sponte* dismissed with prejudice for failure to state a claim. Defendants' motion to dimiss under Rule 41(b) should be **DENIED as moot**.

**SO RECOMMENDED on this 25th day of May, 2012.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE